IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

Marquette D. Lucas,

    Plaintiff,

vs.                                             No. 14-3017-SHL-dkv

KIK Custom Products,

    Defendant.

_____

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS
_____

On December 24, 2014, the plaintiff, Marquette D. Lucas ("Lucas"), filed a *pro se* employment discrimination complaint against the defendant, KIK Custom Products ("KIK"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (ECF No. 1.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is the January 23, 2015 motion filed by KIK to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 8.) On February 5, 2015, Lucas filed a pleading entitled

"Plaintiff's Objection to Motion," (ECF No. 11),[1] to which KIK replied on February 19, 2015, (ECF No. 12). For the reasons that follow, the court recommends that KIK's motion to dismiss be granted and that Lucas's complaint be dismissed for failure to state a claim upon which relief can be granted.

I. PROPOSED FINDINGS OF FACT

In the complaint, Lucas alleges that he was hired by KIK on August 13, 2001 in the position of Compounder. (Compl. ¶ 9(b), ECF No. 1.) On December 3, 2002, Lucas filed an employment discrimination complaint with the Tennessee Human Rights Commission ("THRC") against KIK alleging racial discrimination. (ECF No. 1-2.) In 2003, Lucas was promoted and received a pay raise. (Compl. ¶ 9(e), ECF No. 1.) On March 22, 2005, Lucas

---

[1] In this pleading, Lucas asks the court to disregard KIK's motion to dismiss. (*See* ECF No. 11.) Therefore, the court will construe Lucas's pleading as his response to KIK's motion to dismiss. In his response, Lucas includes more facts in support of his claim. (ECF Nos. 11-1, 11-2.) Additionally, Lucas attaches a letter from a law firm representing KIK to Jason McGrath, Esq. (whose involvement in the instant case is unclear), and a decision by the Tennessee Department of Labor & Workforce Development Appeal Tribunal stating that Lucas is eligible for unemployment benefits. (ECF Nos. 11-3, 11-4.) The court is limited to the facts and legal claims as raised in the pleadings; as a result, the additional facts asserted in Lucas's response to the motion to dismiss and the attachment thereto are not part of the lawsuit and the court will not consider them. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012)(citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")).

2

was accused of theft of company property, falsification of documents, willful violation or disregard of safety rules, and hiding defective work. (*Id.* ¶ 9(f).) On May 3, 2005, Lucas was terminated from the position of Compounder for violation of company policy. (*Id.* ¶ 9(g).) In 2009, Lucas was promoted and received a pay raise. (*Id.* ¶ 9(h).) On January 9, 2012, Lucas was again promoted to the position of Compounding Supervisor. (*Id.* ¶ 9(i).)

On December 13, 2012, Tommy Moss, a subordinate of Lucas, complained to KIK that Lucas was engaging in threatening and harassing behavior. (*Id.* ¶ 9(j)-(n).) After an investigation, KIK terminated Lucas on February 22, 2013. (*Id.* ¶ 9(p)-(s).) KIK's Human Resources Manager told Lucas that he was being discharged for harassing Moss and violating company policy. (*Id.* ¶ 9(t); Charge of Discrimination 5, ECF No. 1-1.) Lucas maintains, however, that he was terminated in retaliation for his December 3, 2002 filing of an administrative charge against KIK with THRC. (Compl. ¶ 9(s); ECF No. 1.)

On August 27, 2013, Lucas filed a charge of discrimination with the THRC alleging retaliation, and the EEOC issued a notice of right to sue on September 25, 2014. (ECF No. 1-1.)[2]

---

[2] Lucas's complaint is timely. Title VII provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). The Sixth Circuit has held that the ninety-day period begins to run

3

II. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Lucas's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than

---

five days after the date on which the EEOC mails the notice of right to sue to the claimant. *Hunter v. Stephenson Roofing Co.*, 790 F.2d 472, 475 (6th Cir. 1986); *see also Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987)(stating that there is a presumption that mail is received by the addressee and that the ninety-day time limit begins to run five days after the EEOC mails the notice of right to sue). The EEOC mailed the notice of the right to sue on September 25, 2014, and therefore the ninety-day time limit began to run on September 30, 2014. Lucas filed the instant lawsuit on December 24, 2014, which was within the ninety-day time limit.

4

conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict

5

judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  <u>Lucas's Retaliation Claim</u>

Lucas alleges that he was terminated in retaliation for filing an administrative complaint against KIK on December 3, 2002, more than a decade before his termination on February 22, 2013. KIK maintains that Lucas's retaliatory discharge claim must fail because Lucas has not plausibly alleged a causal connection between his protected activity and the adverse employment action. (KIK's Mot. to Dismiss 4, ECF No. 8-1.)

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. 42 U.S.C. § 2000e-2. To state a claim of retaliation under Title VII, Lucas must allege that: (1) he acted in a manner protected by Title VII; (2) KIK knew of this exercise of protected activity; (3) KIK subsequently took an adverse action against Lucas; (4) the

adverse action had a causal connection to the protected activity. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

"To demonstrate a causal connection between a materially adverse action . . . and the exercise of protected rights, a plaintiff must proffer evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Lindsey v. Whirlpool Corp.*, 295 F. App'x 758, 769 (6th Cir. 2008)(citation and internal quotation marks omitted). In *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516 (6th Cir. 2008) the Sixth Circuit explained:

> Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation. But where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality.

*Id.* at 525. "[C]ases that have permitted a prima facie case to be made based on the proximity of time have all been short

7

periods of time, usually less than six months." *Parnell v. West*, 114 F.3d 1188, at *3 (6th Cir. 1997)(listing a number of cases that support this proposition).

Lucas has pled sufficient facts to satisfy the first three elements of his Title VII retaliation claim; nonetheless, Lucas's retaliatory discharge claim must fail because he has not plausibly pled that his discharge had a causal connection to his protected activity. Lucas's only allegation of causation is that his discharge occurred more than ten years prior to his termination. In absence of other allegations, a time lag of more than ten years does not by itself support an inference of a causal link. *See, eg.*, *Ross v. Mich. State Univ. Bd. of Trustees*, No. 11-2278, 2012 WL 3240261, at *3 (6th Cir. June 20, 2012)(affirming dismissal of a retaliation claim noting that a delay of approximately one year was too long to support an inference of causation by itself); *Kean v. IT-Works, Inc.*, 466 F. App'x 468, 471 (6th Cir. 2012)(holding that, absent other evidence of retaliation, a two-and-a-half month gap is not sufficient to support an inference of causation); *Johnson v. Cleveland City Sch. Dist.*, 344 F. App'x 104, 113 (6th Cir. 2009)(holding that a gap of over one year between the plaintiff's protected activity and her termination was not "sufficiently close in time . . . to warrant an inference of causation"); *Nguyen v. City of Cleveland,* 229 F.3d 559, 565-67

(6th Cir. 2000)(holding that a one-month gap between a complaint and the retaliatory conduct could not, without more, support a causal inference); *Parnell*, 114 F.3d at 1188 (stating that a time lag of seven months does not by itself support an inference of a causal link).

Apart from the timing of the events, Lucas has not put forth any other facts from which the court can infer retaliatory action. At most, Lucas has alleged a "bare-bones chronology of events and a conclusory opinion," which is insufficient to satisfy the causation element of his claim. *Ross v. Mich. State Univ. Bd. of Regents*, 837 F. Supp. 2d 712, 719 (W.D. Mich. 2011), *aff'd sub nom. Ross v. Mich. State Univ. Bd. of Trustees*, No. 11-2278, 2012 WL 3240261 (6th Cir. June 20, 2012). Moreover, Lucas alleges that after he engaged in protected activity in 2002, he was promoted three times. (*See* Compl. ¶ 9(e), (h), (i), ECF No. 1.) "Intervening favorable actions of an employer may not be a complete bar to recovery, but they assuredly weigh against a claim of retaliation." *Kean*, 466 F. App'x at 471 (citation omitted).

Given the vast amount of time that passed between Lucas's administrative complaint in 2002 and his termination in 2013, as well as the fact that Lucas alleges no other facts that link his termination to his 2002 administrative complaint, the court cannot reasonably infer a causal connection between Lucas's

protected behavior and his subsequent adverse personnel action. Thus, the court recommends that Lucas's Title VII retaliatory discharge claim be dismissed.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that KIK's motion to dismiss be granted, and that Lucas's complaint be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 26th day of February, 2015.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.