# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARQUETTE D. LUCAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 14-cv-03017-SHL-dkv |
| KIK CUSTOM PRODUCTS, | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is the Magistrate Judge's "Report and Recommendation on Defendant's Motion to Dismiss" (the "Report and Recommendation"), which was filed on February 26, 2015. (See ECF No. 13.) Plaintiff filed a timely objection to the Magistrate Judge's recommendation to grant Defendant's motion (ECF No. 14), and Defendant filed a response to Plaintiff's objections (ECF No. 15). District courts must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. See 28 U.S.C. § 636(b)(1). The Court has reviewed the Report and Recommendation and the entire record in this case *de novo*. For the reasons set forth below, the Court hereby ADOPTS the Report and Recommendation and Defendant's Motion to Dismiss is **GRANTED.**

### *BACKGROUND*

Plaintiff began working for Defendant as a Compounder on August 13, 2001. (Complaint, ECF No. 1 at ¶ 9(b).) On December 3, 2002, Plaintiff filed a complaint with the Tennessee Human Rights Commission alleging that Defendant discriminated against him on the basis of his race. (Id. at ¶ 9(d).) It is unclear what became of that complaint, but Defendant either promoted or gave a pay raise to Plaintiff some time in 2003 (the record is unclear as to

which).  (Id. at ¶ 9(e).)  On March 22, 2005, Defendant accused Plaintiff of theft or removal of company property, falsification of documentation, willful violation or disregard of safety rules, and hiding defective work.  (Id. at ¶ 9(f).)  Defendant terminated Plaintiff for these violations of company policy on May 3, 2005.  (Id. at ¶ 9(g).)   However, Plaintiff filed a union grievance challenging his termination, and ultimately the termination was reduced to a warning.  Plaintiff was given a promotion and/or pay raise in 2009 (the record is unclear as to which) and a promotion in 2012.  (Id. at ¶ 9(h)-(i).)

On December 13, 2012, Tommy Moss (Plaintiff's subordinate) complained to Defendant that Plaintiff was threatening and harassing him.  (Id. at ¶ 9(j)-(n).)  Defendant investigated the charges and subsequently terminated Plaintiff on February 22, 2013, for harassing Moss and violating company policy.  (Id. at ¶ 9(p)-(t).)  Plaintiff filed a discrimination charge with the Tennessee Human Rights Commission on August 27, 2013, alleging that Defendant terminated him in retaliation for the previous administrative charge he filed on December 3, 2002.  (Id. at ¶ 9(s).)  The Equal Employment Opportunity Commission issued a right to sue letter to Plaintiff on September 25, 2014 (Right to Sue Letter, ECF No. 1-1), and Plaintiff filed this complaint on December 24, 2014 (ECF No. 1).

## *STANDARD OF REVIEW*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009).  Detailed factual allegations are not required under Rule 8, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe

the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 538 (6th Cir. 2012) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. In applying those principles to the facts before it, a court must determine whether the complaint states a plausible claim for relief. Id. That determination is context-specific, but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief." Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

*Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," and should be construed liberally. See Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004). However, even under this liberal standard, *pro se* plaintiffs are still required to plead sufficient facts to show the plaintiff is entitled to relief. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

## *ANALYSIS*

To establish a *prima facie* retaliation claim using circumstantial evidence, as in this case, a plaintiff is required to show that "(1) he engaged in protected activity, (2) the [defendant] knew that [the plaintiff] had exercised his civil rights, (3) the [defendant] took an adverse employment action against [the plaintiff], and (4) there was a causal connection between [the plaintiff's] protected activity and the adverse employment action." Kuhn v. Washtenaw Cnty., 709 F.3d 612, 627–28 (6th Cir. 2013) (citing Morris v. Oldham Cnty. Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)). The burden of establishing a prima facie case of retaliation is "minimal; all the

3

plaintiff must do is put forth some credible evidence that enables the court to deduce that there is a causal connection between the retaliatory action and the protected activity." Dixon v. Gonzales, 481 F.3d 324, 333 (6th Cir. 2007) (citing EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir. 1997)).

Here, Plaintiff's claims fail because he has not alleged any facts that could show a causal connection between the alleged retaliation and the protected activity. Plaintiff has not specified what connection there was between his protected activity and the alleged retaliation, and the only possible connection the Court can infer from the record is temporal proximity. While temporal proximity between the protected activity and retaliation can serve as a causal connection, more than a decade passed between Plaintiff's protected activity and the alleged retaliation. The Sixth Circuit has routinely upheld dismissals of claims where the only evidence of a causal connection is temporal proximities much shorter in time than in this case. See, e.g., Ross v. Michigan State Univ. Bd. of Trustees, No. 11-2278, 2012 WL 3240261, at *3 (6th Cir. June 20, 2012) (holding that a one year break in time could not establish a causal connection without other evidence of retaliation); Nguyen v. City of Cleveland, 229 F.3d 559, 567 (6th Cir. 2000) (holding that a one month gap between a complaint and alleged retaliation could not, without more, support a causal inference.)

Not only has Plaintiff failed to allege facts that would support a claim of retaliation, the facts alleged actually undermine his claim. Plaintiff admits he was promoted or given a raise three different times in the decade since he filed his first charge of discrimination. While post-complaint favorable employment actions do not bar recovery, they do weigh against Plaintiff's retaliation claim. See Kean v. IT-Works, Inc., 466 F. App'x 468, 471 (6th Cir. 2012). In light of the extensive gap between Plaintiff's protected activity and the alleged retaliation, the absence of

any other allegations showing a causal connection between the protected activity and the alleged retaliation, and the evidence that Plaintiff was actually treated favorably after his protected activity, the Court finds that Plaintiff has failed to plead a plausible claim of retaliation. Therefore, the Court hereby ADOPTS the Magistrate's Report and Recommendation in its entirety and Defendant's Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED,** this 27th day of May, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE